MONTGOMERY PALACE STOCK CAR COMPANY
V.
STREET'S STABLE CAR LINE ET AL.

*Corporations—Inventions by Members of—Agreement to Assign—Dissolution—Consideration.*

1. An agreement upon the organization of a corporation, that inventions and improvements developed by any member thereof, the same being patentable, " shall be patented in the name and for the benefit of such company," is not to be looked upon as perpetual; it continues no longer than the existence of the corporation.
2. In such case, when any party ceases to be a member of such corporation, his obligation to it under such agreement comes to an end.

[Opinion filed November 11, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding.

290     APPELLATE COURTS OF ILLINOIS.

VOL. 37.]    Montgomery Stock Car Co. v. Street's Stable Car Line.

Mr. ALFRED MOORE, for appellant.

Messrs. McCLELLAN & CUMMINS and L. L. BOND, for appellees.

GARY, J.   This is a bill in chancery, filed in the Circuit Court, by which the appellant mainly seeks to compel an assignment by the appellees to the of appellant two patents issued by the United States to John W. Street and Siegfried M. Fisher, in February, 1886, for improvements in stock cars, which patents have been assigned to the appellees, and for an account and decree for the profits the appellees have made by the use of the improvements covered by said patents.

The bill also asks for some relief under the claim of the appellant to two patents that expired in 1886, but to that branch of the case the short answer is, that the bill does not show that the appellees ever used the improvement covered by these patents, while the patents were alive.

The allegation is, that soon after the issuing of the patents, in February, 1886, the appellees procured a conveyance of them, and have ever since been acting under all four of the patents, but whether "soon after" was before the first patents expired, in 1886, is left to conjecture.

Assuming, what would be difficult to demonstrate, that the bill does deraign to the appellant a title to all the rights that those of whom the appellant claims to be the successor could have to the patents issued to Street and Fisher, in 1886, that right amounts to this, and no more.

In 1870, John W. Street was the owner of two patents for improvements in stock cars. He then, with several others, organized a corporation under an agreement, in which he and those others agreed with each other, as follows :

"It is further understood and agreed upon, that any inventions or improvements to be applied as an improvement to the above named "cattle car," heretofore or hereafter originated or developed, by any member of this company, the same being patentable, shall be patented in the name and for the benefit of aforesaid company."   The only knowledge of

the " above named cattle car " to be derived from the bill, is that it was " the improved cattle car then lately constructed in Cleveland."

That corporation, so organized in 1870, ceased business in 1872, all its assets were disposed of, and neither that corporation nor any successor of it has since done any actual business, though there has been a paper organization, claiming to be a successor to it, since the fall of 1874; but of this latter John W. Street was not a member. Since 1872 John W. Street has had no connection with the appellant, nor with any one under whom it may claim.

The case of the appellant, after making the assumption that it has succeeded to all the rights of the corporation organized in 1870, of which John W. Street was a member, is that the agreement above recited, that the members of that corporation then made with each other, was a perpetual agreement of all of them, by which each hypothecated to the others his meditations by day and his dreams by night on the subject of cattle cars for the remainder of his life. In the case which the appellant puts foremost to sustain its pretensions, Aspinwall Mfg. Co. v. Gill, 32 Fed. Rep. 697, it is said : " A naked assignment or agreement to assign in gross a man's future labors as an author or inventor, in other words, a mortgage on a man's brain, to bind all its future products, does not address itself favorably to our consideration." In that case, however, such an agreement, based upon a consideration of $12,000 paid to the inventor, was held binding, at least to the extent that it protected the assignees against a claim for infringement of a subsequent patent issued to the inventor.

But the case here is widely different from that. The consideration to John W. Street for the agreement relied upon, was the hope and expectation of a prosperous business career of the corporation then formed. That hope and expectation has ended in disappointment and defeat. The consideration to him has totally failed. If the words of the agreement have the legal effect which the appellant claims, is it equity and good conscience, that his life shall be paralyzed, or as

292        APPELLATE COURTS OF ILLINOIS.

VOL. 37.]    Montgomery Stock Car Co. v. Street's Stable Car Line.

a penalty for his activity, a company which, if not dead, was sleeping for fourteen years, shall take the benefit of his study and his labor ? There is nothing in the case to indicate that if the appellees had not been successful, the appellant would ever have waked from its slumber.

As was said in Stone v. Pratt, 25 Ill. 16, "This is a bill for the specific performance of an agreement by one, who at law has no claims whatever upon the defendant, at least in his own name. Such a bill is always addressed to the sound discretion of the court, which must be governed by the circumstances of each case as it is presented. In the case of Lear v. Choteau, 23 Ill. 39, this court said: 'In order to induce a court of equity to enforce specifically a contract, it must be founded on a good consideration, it must be reasonable, fair and just. If its terms are such as our sense of justice revolts at, this court will not enforce it, though admitted to be binding at law.' * * * Equity will never give the pound of flesh, although it is in the bond, but will leave the law to give its value." If, therefore, all that the appellants claim as to the legal effect of the agreement between John W. Street and his associates were true, the circumstances of this case forbid a decree for a specific performance, or for an account consequent upon such a decree.

But that agreement had no such legal effect. John W. Street did not agree that inventions or improvements originated or developed by him should be patented in the name of the company, then formed. The agreement was that any such inventions or improvements originated or developed by any member of the company should be so patented.

The words and the spirit of the agreement are satisfied by holding that when any of the parties to it ceased to be members of the company, their obligation to it under that agreement was at an end. There is yet another obstacle in the way of the appellants. The bill does not show that any of the patents, which expired, or were issued in 1886, had any relation to, or were in any way improvements upon " the improved cattle car then lately constructed in Cleveland."

Neither does it appear that John W. Street had "originated or developed" whatever was the subject of the patents issued to him and Fisher in 1886.   He may have been a joint inventor in an infinitesimal degree, or an assignee of Fisher, or both of them may have been assignees of some inventor not named in this case.

The decree of the Circuit Court sustaining a demurrer to, and dismissing the bill, is correct and is affirmed.

*Decree affirmed.*